Margriete Giles, Appellee, v. Fenska Furniture Company, Appellant. Herbert Davis and Ben Lewis, Defendants.

Gen. No. 44,900.

Opinion filed February 20, 1950. Released for publication March 7, 1950.

ECKERT, PETERSON & LEEMING, of Chicago, for appellant; A. R. PETERSON, HAROLD W. HUFF, and WALTER P. STEFFEN, all of Chicago, of counsel.

A. CHARLES LAWRENCE, of Chicago, for appellee; ERNEST GREENBERGER, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Defendant Fenska Furniture Company appeals from a judgment for $1,500 entered against it in plaintiff's action for personal injuries resulting from a collision of her automobile with a truck driven by defendant's employees.

The principal contention on appeal is that the court erred in striking a special appearance and refusing to quash the service of summons against defendant. The summons shows service on the defendant "by leaving a copy thereof with L. Guzler (mgr.) an agent of said corporation. . ." Leo Gruzler (Guzler) appeared "specially and for the sole and only purpose of contesting the jurisdiction of this court over the defendant, Fenska Furniture Company, an Illinois corporation, and for no other purpose," and moved the court to quash the service. Supporting this special appearance and motion was the affidavit of Gruzler stating that on "the date of the alleged service of

537

summons herein or at any time he was not an employee, officer or agent of Fenska Furniture Company, an Illinois corporation, nor authorized by them to receive or accept service or summons in their behalf,'' and that the defendant never ''operated a furniture store or place of business on the premises at 1445 North Clark Street, Chicago,'' the place where the copy of the summons was served on affiant. The summons, as shown by its return, was served on the defendant by leaving a copy with Gruzler, its agent. Gruzler was a stranger to the action and he could not by a special appearance attack the court's jurisdiction of the defendant, particularly as his affidavit asserted that he was not at any time an ''employee, officer or agent'' of defendant. The court properly struck the special appearance and denied the motion.

██ Defendant further urges that the truck causing plaintiff's injuries was not driven by an agent of defendant; that defendant ceased doing business several months prior to the accident in question and sold its stock and equipment, including the truck involved herein. A brother of plaintiff testified that immediately after the accident he went to the place at 1445 North Clark Street, inquired for Mr. Fenska and talked with a man purporting to be Mr. Fenska, who admitted that the driver of the truck was the employee of the defendant. The president of defendant testified that he was not in Chicago at the time of this alleged conversation; that on the closing out of the business of defendant he had moved to Springfield, Mo. He further testified that his brother had been an officer of the company. The brother was not called as a witness, or any explanation given as to his whereabouts at the time of the conversation relied upon by plaintiff. The question of the driver's employment by defendant was one of fact to be determined by the jury. The court approved the

538

verdict of the jury and we cannot say that the verdict is against the manifest weight of the evidence.

The judgment is affirmed.

*Affirmed.*

FEINBERG, J., concurs.

TUOHY, P. J., took no part.